IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE TRAVELERS HOME AND          )
MARINE INSURANCE COMPANY        )
and THE AUTOMOBILE              )
INSURANCE COMPANY OF            )
HARTFORD, CONNECTICUT,          )
                                )
    Plaintiffs,         )
                                )   CIVIL ACTION
v.                              )
                                )   FILE NO. _____
JAYEN PATEL and JOSEPH          )
RASPER,                         )
                                )
    Defendants.         )

## COMPLAINT FOR DECLARATORY JUDGMENT

    COME NOW plaintiffs The Travelers Home and Marine Insurance

Company and The Automobile Insurance Company of Hartford, Connecticut

(collectively referred to as "Travelers"), and, pursuant to Fed. R. Civ. P. 57 and 28

U.S.C. § 2201, hereby file their complaint for declaratory judgment, respectfully

showing to the Court as follows:

## Parties, Jurisdiction and Venue

1.

Plaintiff The Travelers Home and Marine Insurance Company is a corporation organized and existing under the laws of the State of Connecticut, maintaining its principal office and principal place of business in Hartford, Connecticut.  It is a citizen of Connecticut.

2.

Plaintiff The Automobile Insurance Company of Hartford, Connecticut, one of The Travelers Property Casualty Companies, is a corporation organized and existing under the laws of the State of Connecticut, maintaining its principal office and principal place of business in Hartford, Connecticut.  It is a citizen of Connecticut.

3.

Defendant Jayen Patel is a resident of Milton, Fulton County, Georgia, who may be served at 2995 Manorview Lane, Milton, Georgia, 30004.  He is domiciled in and is a citizen of Georgia.  Patel is subject to the jurisdiction and venue of this Court.

4.

Defendant Joseph Rasper is a resident of Alpharetta, Georgia, who may be served at 4100 Hopewell Springs Drive, Alpharetta, Georgia, 30004.  He is domiciled in and is a citizen of Georgia.  Rasper is subject to the jurisdiction and venue of this Court.

5.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that (a) Travelers and defendants are citizens of different states; and (b) the value of the matter in controversy, exclusive of interest and costs, exceeds the requisite jurisdictional amount.

6.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a) because this action is brought in the judicial district in which defendants reside.

**The June 2, 2016 Golf Cart Accident**

7.

On June 2, 2016, Patel was involved in an accident while operating a golf cart on Manor Club Drive in Milton, Georgia.

8.

A true and correct copy of the Georgia Uniform Motor Vehicle Accident Report pertaining to the June 2, 2016 accident is attached hereto as Exhibit A.

9.

Patel owned the golf cart involved in the accident.

10.

Rasper was riding as a passenger on the golf cart operated by Patel. He was ejected from the golf cart and sustained injuries as a result of the accident.

11.

Rasper was hospitalized and has incurred medical expenses in excess of $75,000.

12.

By letter dated August 16, 2016, an attorney representing Rasper wrote Patel and advised that he had been retained "to investigate potential insurance coverage and claims for his injuries sustained in the unfortunate golf cart incident on June 2, 2016." A true and correct copy of the attorney's August 16, 2016 letter is attached hereto as Exhibit B.

13.

By letter dated October 4, 2016, Rasper's attorney wrote Travelers to place Travelers "on formal notice of any claims that our client and others may have against your company as a result of this collision." Thus, although no suit has been filed, Rasper has asserted a claim against Patel arising out of the June 2, 2016 golf cart accident. And although no formal demand has been made, Rasper's damages arising out of the June 2, 2016 golf cart accident exceed $75,000.

14.

Patel reported the golf cart accident to Travelers on July 19, 2016. He has requested coverage for Rasper's claims.

## The Travelers Policies

15.

At the time of the June 2, 2016 accident, Patel was the named insured under a policy of homeowners insurance issued by The Travelers Home and Marine Insurance Company, Policy No. 0CQJ18-994754888-637-1, with a policy period from October 22, 2015 to October 22, 2016 (hereinafter referred to as the "Homeowners Policy"). A true and correct copy of the Homeowners Policy in effect on June 2, 2016 is attached hereto as Exhibit C.

16.

Patel was also the named insured under a policy of automobile insurance issued by Travelers Property Casualty Insurance Company, with a policy period from March 4, 2016 to September 4, 2016, Policy No. 994632343 203 1 (the "Travelers Auto Policy").  The Travelers Auto Policy does not provide coverage for the June 2, 2016 golf cart accident and is not at issue in this litigation.

17.

Coverage E of the Homeowners Policy applies to Personal Liability, which includes "bodily injury."  However, the Homeowners Policy excludes coverage for "motor vehicle liability."  The exclusion provides, in pertinent part, as follows:

Coverages E and F also do not apply to:

**1.**   "Motor Vehicle Liability" unless, at the time of an "occurrence", the involved "motor vehicle" is:

* * *

**e.**   A motorized golf cart that is owned by an "insured", designed to carry up to 4 persons, not built or modified after manufacture to exceed a speed of 25 miles per hour on level ground and, at the time of an "occurrence", is within the legal boundaries of:

-6-

**(1)** A golfing facility and is parked or stored there, or being used by an "insured" to:

**(a)** Play the game of golf or for other recreational or leisure activity allowed by the golfing facility;

**(b)** Travel to or from an area where "motor vehicles" or golf carts are parked or stored on the golfing facility; or

**(c)** Cross public roads at designated points to access other parts of the golfing facility.

18.

Thus, the Travelers Homeowners Policy only provides coverage for "motor vehicle liability" if the exception to the exclusion applies.

### Patel's Request for Additional Insurance Coverage After the June 2, 2016 Accident

19.

At the time of the June 2, 2016 golf cart accident, Patel had the following insurance coverage in place under policies issued by Travelers:

(1) The Homeowners Policy, with liability limits of $300,000; and

(2) The Travelers Auto Policy, with liability limits of $100,000 per person, $300,000 per accident.

20.

On June 6, 2016, Patel e-mailed his insurance agent and requested information regarding his insurance coverages.

21.

Patel and his insurance agent exchanged a number of e-mails over the next few days.  Ultimately, Patel requested that his agent obtain an umbrella insurance policy with $3 million in liability limits.

22.

The agent agreed to request the umbrella policy from Travelers.  In addition to obtaining umbrella coverage, the liability limits under the Travelers Homeowners Policy were increased from $300,000 to $500,000.

23.

After his agent had agreed to place the coverage, Patel asked him to arrange for the policies to be issued with a retroactive date of coverage, so that the Umbrella Policy and the increased liability limit under the Homeowners Policy would be effective as of June 1, 2016.

24.

Patel failed to inform his agent - - or Travelers - - that he had been involved in the golf cart accident on June 2, 2016.

-8-

25.

The Automobile Insurance Company of Hartford, Connecticut, agreed to issue a Personal Liability Umbrella of Security Policy to Patel, Policy No. 934414392 311 7, with a policy period from June 1, 2016 to June 1, 2017 (the "Umbrella Policy").  A true and correct copy of the Umbrella Policy is attached hereto as Exhibit D.

26.

When Travelers agreed to issue the Umbrella Policy with a retroactive date of coverage to June 1, 2016, it was not aware that Patel had been in the golf cart accident on June 2, 2016. Had Patel disclosed the golf cart accident to Travelers, it would not have agreed to issue the Umbrella Policy to him with coverage retroactive to June 1, 2016.

27.

Travelers also agreed to increase the limit of liability under the Homeowners Policy from $300,000 to $500,000, also effective June 1, 2016.  When Travelers agreed to increase the limit of liability under the Homeowners Policy with an effective date of June 1, 2016, it was not aware that Patel had been involved in the golf cart accident on June 2, 2016.

28.

Had Travelers known of the June 2, 2016 golf cart accident, it would not have agreed to increase the liability limits under the Homeowners Policy or issue the Umbrella Policy, with coverage retroactive to June 1, 2016.

29.

Patel's failure to disclose the golf cart accident was material to Travelers' decision to increase the limit of liability under the Homeowners Policy and to issue the Umbrella Policy with an effective date of June 1, 2016.

## COUNT I
## RESCISSION

30.

The allegations contained in paragraphs 1 through 29 above are re-alleged and incorporated by reference as if fully set forth herein.

31.

When Travelers agreed to issue the Umbrella Policy to Patel with a retroactive date of coverage to June 1, 2016, it was not aware that Patel had been involved in the golf cart accident on June 2, 2016.

32.

Patel's failure to reveal that he had been involved in the June 2, 2016 golf cart accident was material to Travelers' decision to issue the Umbrella Policy.

33.

Had Travelers been aware of the June 2, 2016 golf cart accident, it would not have agreed to issue the Umbrella Policy to him.

34.

Travelers seeks a declaration from this Court that the Umbrella Policy is void *ab initio* due to Patel's misrepresentations, omissions, concealment of facts, and incorrect statements when he requested the additional coverage.  Travelers hereby agrees to tender any unearned premium to Patel.

35.

When Travelers agreed to increase the limit of liability under the Travelers Homeowners Policy from $300,000 to $500,000 with a retroactive date of coverage to June 1, 2016, it was not aware that Patel had been involved in the golf cart accident on June 2, 2016.

36.

Patel's failure to reveal that he had been involved in the June 2, 2016 golf cart accident was material to Travelers' decision to increase the limit of liability under the Homeowners Policy.

37.

Had Travelers been aware of the June 2, 2016 golf cart accident, it would not have agreed to increase the limit of liability under the Homeowners Policy.

38.

Travelers seeks a declaration from this Court that the Homeowners Policy is void *ab initio* due to Patel's misrepresentations, omissions, concealment of facts, and incorrect statements when he requested the additional coverage. Travelers hereby agrees to tender any unearned premium to Patel.

39.

In the alternative, Travelers seeks a declaration from this Court that the maximum limit of liability under the Homeowners Policy is $300,000.

## COUNT II
## <u>CONCEALMENT OR FRAUD</u>

### 40.

The allegations contained in paragraphs 1 through 39 above are re-alleged

and incorporated by reference as if fully set forth herein.

### 41.

The Homeowners Policy contains the following provision:

**10.   Concealment or Fraud.** We do not provide coverage to an
"insured" who, whether before or after a loss, has:

> **a.**   Intentionally concealed or misrepresented any
> material fact or circumstance;
> **b.**   Engaged in fraudulent conduct; or
> **c.**   Made false statements;

> relating to this insurance.

### 42.

The Umbrella Policy includes the following provision:

**15.   Concealment or Fraud**. The entire policy will be
void if, whether before or after a loss, an "in-
sured" has:

> **a.**   Intentionally concealed or misrepresented any
> material fact or circumstance;
> **b.**   Engaged in fraudulent conduct; or
> **c.**   Made false statements;

relating to this insurance.

43.

By failing to disclose that he had been involved in a serious accident just days before he requested additional insurance coverage, Patel intentionally concealed and/or misrepresented a material fact, engaged in fraudulent conduct and/or made false statements relating to the insurance that he requested from Travelers.

44.

Patel's failure to disclose the golf cart accident when he requested additional insurance was material to the risk assumed by Travelers when it agreed to issue the Umbrella Policy and increase the limits of liability under the Homeowners Policy with a retroactive date of coverage. Had Patel disclosed the golf cart accident to Travelers, it would not have agreed to issue the Umbrella Policy to him, nor would it have agreed to increase the limit of liability under the Homeowners Policy.

45.

Travelers seeks a declaration from this Court that the Umbrella Policy and the Homeowners Policy are void *ab initio* due to Patel's concealment, fraud,

misrepresentations and/or false statements when he requested the additional

coverage.  Travelers hereby agrees to tender any unearned premium to Patel.

46.

In the alternative, Travelers seeks a declaration from this Court that the

only insurance coverage available to Patel for the golf cart accident is the

$300,000 limit of liability under the Homeowners Policy that was in effect on

June 2, 2016.

## COUNT III
## THE GOLF CART ACCIDENT WAS A KNOWN LOSS WHEN PATEL APPLIED FOR ADDITIONAL INSURANCE

47.

The allegations contained in paragraphs 1 through 46 above are re-alleged

and incorporated by reference as if fully set forth herein.

48.

Patel was aware of the June 2, 2016 golf cart accident when he requested

additional insurance coverage from Travelers on or after June 6, 2016.  And

although he may not have been aware of the full extent of the injuries, Patel

knew that one of his passengers, Rasper, had been injured in the June 2, 2016 golf

cart accident when he requested additional insurance coverage from Travelers on

or after June 6, 2016.

49.

A liability policy issued by an insurance company after an insured becomes aware of an accident does not provide coverage for losses arising from that accident.

50.

For that reason, the additional liability insurance coverage requested by Patel after the June 2, 2016 golf cart accident does not apply to any claims arising out of the June 2, 2016 golf cart accident, including the claims asserted by Rasper.

51.

If coverage is not void for the reasons described in Counts I and II, Travelers seeks a declaration from the Court that, because the June 2, 2016 golf cart accident was a "known loss," the only potential liability coverage available to Patel for the golf cart accident is the coverage provided under the original Homeowners Policy, with liability limits of $300,000, that was in effect on the date of the accident: June 2, 2016.

## COUNT IV
## MOTOR VEHICLE LIABILITY EXCLUSION

52.

The allegations contained in paragraphs 1 through 51 above are re-alleged and incorporated by reference as if fully set forth herein.

53.

If coverage is not void due to Patel's failure to disclose the golf cart accident, then the "motor vehicle liability" exclusion in the Homeowners Policy applies to bar coverage.  The exception to the exclusion does not apply because Patel was not within the legal boundaries of a golfing facility at the time of the accident.

54.

If there is no coverage under the Homeowners Policy, then there is no coverage under the Umbrella Policy.

55.

Travelers seeks a declaration from the Court that the Homeowners Policy and the Umbrella Policy do not provide coverage to Patel for the June 2, 2016 golf cart accident and any claims that may be asserted arising out of the accident, including the claim asserted by Rasper.

## **Declaratory Judgment**

56.

Travelers has agreed to provide a defense to Patel for any claims arising out of the June 2, 2016 golf cart accident, including the claim asserted by Rasper, subject to a full reservation of rights under the Homeowners Policy and the Umbrella Policy.

57.

For the reasons outlined above, Travelers is of the opinion that either (1) no Travelers policy provides coverage to Patel for the June 2, 2016 golf cart accident; or (2) the only coverage available to Patel is the $300,000 in coverage under the Homeowners Policy in effect on June 2, 2016.

58.

Because Patel has requested coverage under the Travelers policies, and because Rasper has asserted claims against Patel arising out of the golf cart accident, Travelers is uncertain with respect to its duties and obligations under the Travelers Policies in connection with the golf cart accident.

59.

As outlined in Counts I through IV above, Travelers seeks a declaration from this Court with respect to its duties and obligations under the Travelers

Policies in connection with the June 2, 2016 golf cart accident and the claim that has been asserted by Rasper.

60.

An actual controversy has arisen and now exists between Travelers and defendants concerning whether and/or the extent to which Travelers provides liability insurance coverage to Patel for the June 2, 2016 golf cart accident and the claim asserted by Rasper.

61.

By reason of the foregoing, it is necessary and appropriate at this time for the Court to determine and declare the respective rights, obligations and liabilities, if any, which exist among the parties to this action under the Travelers policies.

WHEREFORE, plaintiffs, the Travelers Home And Marine Insurance Company and the Automobile Insurance Company of Hartford, Connecticut, pray as follows:

    a.    That process and summons issue against each defendant and that each defendant be served as required by law;

    b.    That the Court declare that plaintiffs have no obligation to provide insurance coverage to Patel for any claims asserted against him

-19-

arising out of the June 2, 2016 golf cart accident, including the claim

asserted by Rasper;

c.    In the alternative, that the Court declare that the maximum

insurance coverage available to Patel for the June 2, 2016 golf cart

accident is the $300,000 in limits under the Travelers Homeowners

Policy that was in effect on June 2, 2016;

d.    That plaintiffs recover their costs in filing this action; and

e.    That plaintiffs be awarded all other relief to which they are  entitled.

This 14th day of November, 2016.

                                        SWIFT CURRIE McGHEE & HIERS, LLC

                                        s/ David M. Atkinson
                                        _____
                                        David M. Atkinson
                                        Georgia Bar No. 026460
                                        Eleanor G. Jolley
                                        Georgia Bar No. 602577
                                        Attorneys for Plaintiffs

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, GA  30309
(404) 874-8800